IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.    11-cv-02945-WYD-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GRYNBERG PETROLEUM CO.,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on the United States' Motion to Strike Defendant Grynberg Petroleum Company's Cross-Motion for Partial Summary Judgment [ECF No. 21], filed June 15, 2012.   Defendant Grynberg Petroleum filed its Response [ECF No. 22], on June 19, 2012 and the Government filed its Reply [ECF No. 26] on June 29, 2012.

    By way of background, on November 10, 2011, the United States filed suit to collect civil penalties of $29,750 imposed by the Department of Interior, Bureau of Land Management ("BLM"), as well as interest and penalty charges for Defendant's delinquent payment of that debt pursuant to the Debt Collection Act ("DCA"), 31 U.S.C. §§ 3701 *et seq*.   On March 28, 2012, the United States filed a Motion for Summary Judgment, [ECF No. 7].   However, at a scheduling conference held on April 23, 2012, Magistrate Judge Schaffer granted the Defendant leave to file an amended answer.   *See* Minute Entry [ECF No. 17], filed April 23, 2012.

    At that hearing, the Government agreed to withdraw its initial Motion for Summary

Judgment [ECF No. 7] and to re-file that motion as a motion for partial summary judgment on the limited issue of the application of the DCA to the collection of interest in the instant case.  Magistrate Judge Shaffer then ordered the following briefing schedule:  The United States' Motion for Partial Summary Judgment would be filed on or before May 9, 2012; Defendant's Response would be filed on or before June 11, 2012; and the United States' Reply would be filed on or before June 25, 2012.  *See* Transcript of Hearing before Magistrate Judge Shaffer at 13:1-11, April 23, 2012.  When the Plaintiff raised the possibility of filing a cross-motion for summary judgment, Magistrate Judge Shaffer instructed the parties to adhere to the same briefing deadlines, should a cross-motion be filed.  *Id.* at 14.  The Defendant specifically agreed its cross-motion would be filed on May 9, 2012.  *Id.*

The United States filed its Motion for Partial Summary Judgment [ECF No. 18] on May 9, 2012, in accordance with the briefing schedule.  However, the Defendant did not file its Cross Motion for Partial Summary Judgment [ECF No. 20] until June 7, 2012.  After the Government filed this motion to strike, Defendant also filed a Motion for Leave to File Cross-Motion for Partial Summary Judgment, [ECF No. 23], on June 20, 2012.

In the instant motion, the United States urges me to strike Defendant's Cross-Motion because it was not timely filed and because it forces the government to face the prejudice of filing two briefs within the same time period.  In its Response to the Motion to Strike, [ECF No. 22], Defendant admits it made a mistake in filing the late cross-motion.  Counsel for the Defendant explains that he did not accurately docket the deadline and mistakenly thought the cross-motion was due on June 11, 2012 with his response to the Government's partial summary judgment motion.

Having reviewed the United States' Motion for Partial Summary Judgment [ECF No. 18] and the Defendant's Cross-Motion for Partial Summary Judgment [ECF No. 20], I agree with Defendant that these motions are mirror images of the same legal issue. Both require that I address the issue of applying the DCA to the interest that the government seeks to recover in this case.   Moreover, I agree with Magistrate Judge Shaffer that it is far more efficient to address this issue "in one fell swoop" than to strike the cross-motion only to have the same issues briefed again at a later time.   See Transcript at 5:23-25.

Based on my review of the Government's Motion to Strike, including the transcript from the April 23, 2012 hearing before Magistrate Judge Shaffer, the Defendant's Response, and the Government's Reply, I am not persuaded that the Government faces prejudice from having to file its Reply brief for its own motion for partial summary judgment and its Response to the cross-motion within the same time period.   I believe the Government has adequate resources to complete both briefs in a timely manner, particularly given the time that has elapsed since the Government originally filed its motion to strike.   Furthermore, based on the Defendant's explanation, I am convinced that the untimely filing was a negligent mistake by counsel for the Defendant, rather than an act of bad faith or an attempt to gain an advantage over the Government. Accordingly, it is

ORDERED that the United States' Motion to Strike Defendant Grynberg Petroleum Company's Cross-Motion for Partial Summary Judgment [ECF No. 21], filed June 15, 2012 is **DENIED.**   In light of this ruling, it is

FURTHER ORDERED that Defendant Grynberg Petroleum Company's Motion for

Leave to File Cross-Motion for Partial Summary Judgment [ECF No. 23], filed June 20, 2012, is **GRANTED** and Defendant's Cross-Motion for Partial Summary Judgment [ECF No. 20], filed June 7, 2012 is accepted as filed.   It is

FURTHER ORDERED that the Government's Expedited, Unopposed Motion for Extension of Time to Respond to Defendant's Cross-Motion for Partial Summary Judgment [ECF No. 25], filed June 27, 2012 is **GRANTED.**   Accordingly, the Government shall file its Response to Defendant's Cross-Motion for Partial Summary Judgment on or before **Wednesday, July 25, 2012**.   The Defendant shall file its Reply on or before **Wednesday, August 8, 2012.**   It is

FURTHER ORDERED that in light of the Government's representation to Magistrate Judge Shaffer at the hearing on April 23, 2012 that it would withdraw its original motion for summary judgment, the Government's Motion for Summary Judgment [ECF No. 7], filed March 28, 2012, is **DENIED as MOOT.**

Dated:   July 10, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge