IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02945-WYD-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GRYNBERG PETROLEUM CO.,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the United States of America's Motion For Partial Summary Judgment [ECF No. 18], filed on May 9, 2012, and Defendant Grynberg Petroleum Company's Cross-Motion For Partial Summary Judgment [ECF No. 20], filed on June 7, 2012.

**BACKGROUND**

On November 10, 2011, the United States of America ("the Government") filed this suit against Grynberg Petroleum Company under the Debt Collection Act ("DCA"), 31 U.S.C. § 3701, *et seq.*, alleging that Grynberg owes the Government $49,821.35, including interest and penalties, for failure to timely plug the Wild Steer Federal No. 32-22 oil and gas well ("the well") located in Montrose County, Colorado.

On November 1, 1972, Grynberg entered into an oil and gas lease with the Government. The lease granted Grynberg "the exclusive right and privilege to drill for, mine, extract, remove, and dispose of all the oil and gas deposits, except helium gas, in

the lands leased . . . for a period of 10 years, and so long thereafter as oil and gas is produced in paying quantities . . . " ECF No. 19-1, p. 3, § 1. The lease provided, *inter alia*, that Grynberg agreed "to plug properly and effectively all wells drilled in accordance with the provisions of this lease . . . " *Id.* at § 2(j). On August 10, 2001, the United States Bureau of Land Management ("BLM") sent a letter to Grynberg ordering it to plug the well by September 21, 2001. Grynberg failed to plug well by September 21, 2001, and the BLM ordered Grynberg to plug the well by December 10, 2001. Grynberg failed to plug the well by December 10, 2001, and the BLM began assessing penalties for such failure.

Grynberg sought review by the State Director of BLM's order to plug the well and assessment of penalties. On February 28, 2002, the State Director affirmed BLM's actions. Grynberg then appealed the State Director's decision. Judge Sweitzer, administrative law judge, affirmed the State Director's decision. Grynberg then sought review of Judge Sweitzer's ruling and filed an appeal with the Interior Board of Land Appeals ("IBLA"). The IBLA affirmed Judge Sweitzer's ruling. On November 21, 2007, Grynberg filed suit in the United States District Court for the District of Colorado seeking judicial review of the IBLA's decision.[1] On March 17, 2011, Judge Krieger issued a final judgment affirming the IBLA's decision and closed the case.

On November 10, 2011, the Government filed this suit under the DCA alleging that as of October 25, 2011, Grynberg owes the Government $49,821.35. The alleged debt that Grynberg owes the Government includes the fines imposed against Grynberg by the BLM, interest on those fines, and delinquent payment penalties for failure to timely pay the fines. On May 9, 2012, the Government filed a motion for partial

---

[1] *Grynberg Petroleum Company v. Salazar, et al.*, Civil Action No. 07-cv-02440-MSK.

summary judgment seeking a ruling on the limited issue of whether it "may charge Grynberg interest and a penalty charge for the delinquent payment of a debt pursuant to the Debt Collection Act ("DCA"), 31 U.S.C. §§ 3717(a) and (e)(2), when the debt consists of civil penalties that were assessed pursuant to 43 C.F.R. § 3163.2." ECF No. 18, p. 3, ¶ 2.  The Government argues that under the DCA, it can charge interest and assess a delinquent payment penalty against Grynberg.  On June 7, 2012, Grynberg filed a cross-motion for partial summary judgment arguing that the exclusions found in 31 U.S.C. § 3717(g) preclude the Government from charging interest and assessing a delinquent payment penalty.

## ANALYSIS

### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (citation omitted).  "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare*, 220 F.3d at 1190.  "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

"The burden of showing that no genuine issue of material fact exists is borne by the moving party." *Horizon/CMS Healthcare*, 220 F.3d at 1190.  "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  *Atl. Richfield Co.*, 226 F.3d at 1148 (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Sw. Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

**B.  The Debt Collection Act, 31 U.S.C. § 3701, *et seq.***

The DCA, 31 U.S.C. § 3701, *et seq.*, sets forth procedures and guidelines for the Government to follow when seeking to collect outstanding debts.  In the present case, the Government seeks partial summary judgment on the limited issue of whether 31 U.S.C. § 3717 allows the Government to charge interest and assess a delinquent payment penalty against Grynberg for failure to pay its fines in a timely manner.

Section 3717 states in pertinent part;

> (a)(1)  The head of an executive, judicial, or legislative agency *shall charge a minimum annual rate of interest* on an outstanding debt on a United States Government claim owed by a person that is equal to the average investment rate for the Treasury tax and loan accounts for the 12-month period ending on September 30 of each year, rounded to the nearest whole percentage point.
>
> *   *   *   *
>
> (e) The head of an executive, judicial, or legislative agency *shall* assess on a claim owed by a person--
>    (1) a charge to cover the cost of processing and handling a delinquent claim; and
>    (2) a *penalty charge* of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due.

31 U.S.C. §§ 3717(a)(1), (e) (emphasis added).  Thus, the DCA's plain language

mandates that interest "shall" be charged on an outstanding debt owed to the Government and the Government "shall" assess a penalty charge on any debt 90 days past due. Despite these mandates, certain exclusions apply. Most notably, the DCA's mandates on interest and penalties do not apply "to a claim under a contract executed before October 25, 1982, that is in effect on October 25, 1982." 31 U.S.C. § 3717(g)(2). Grynberg argues that this provision precludes the Government from charging interest on its debt and assessing a delinquent payment penalty. I agree.

Grynberg executed its oil and gas lease with the Government on November 1, 1972. There is no dispute that the oil and gas lease was executed and in effect prior to October 25, 1982. As a term of the lease, Grynberg agreed "to plug properly and effectively all wells drilled in accordance with the provisions of this lease . . . " ECF No. 19-1, p. 3, § 2(j). Grynberg did not plug the well as mandated by the lease and ordered by the BLM. As a result, Grynberg incurred a series of fines.

Grynberg's obligation to plug the well arises from the terms of its lease with the Government. Grynberg breached the terms of the lease by failing to plug the well. Grynberg's breach is a necessary antecedent to the imposition of the fines, and the fines derivatively flow from Grynberg's breach. It is immaterial that the Government has not pursued an action against Grynberg for breach of contract. The genesis of this case is Grynberg's failure to plug the well in accordance with the terms of the lease. Any claim to interest and penalties is part and parcel of the breach. Thus, the facts dictate that the interest and penalty are "claim[s] under a contract." 31 U.S.C. § 3717(g)(2). Because the sought after interest and delinquent payment penalty are claims under a contract, and because the contract *i.e.*, the oil and gas lease, was executed and in

effect prior to October 25, 1982, 31 U.S.C. § 3717(g)(2) bars the application of the DCA's interest and penalty provisions, 31 U.S.C. §§ 3717(a)(1) and (e), to Grynberg's debt.

I find that no genuine issues of material fact exist with respect to whether the Government's request to charge interest and assess a delinquent payment penalty are claims under a contract. Therefore, Grynberg is entitled to judgment as a matter of law, and the Government is not allowed to charge interest or assess a delinquent payment penalty against Grynberg under 31 U.S.C. §§ 3717(a)(1) and (e).

## CONCLUSION

After careful consideration of this matter, it is

ORDERED that the Government's Motion for Partial Summary Judgment [ECF No. 18] is **DENIED**. It is

FURTHER ORDERED that Grynberg Petroleum Company's Motion for Partial Summary Judgment [ECF No. 20] is **GRANTED**. It is

FURTHER ORDERED that the Government may not charge interest or assess a delinquent payment penalty against Grynberg Petroleum Company under 31 U.S.C. §§ 3717(a)(1) and (e).

Dated: December 3, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge